**In the Matter of Richard J. RAMUS, Debtor.**

**Richard J. RAMUS, Plaintiff,**

v.

**Constance F. RAMUS, Defendant.**

**Bankruptcy 81–0099A.**
**Adv. No. 81–0719A.**

U.S. Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 1, 1983.

Paul Bonapfel, Cotton, White & Palmer P.A., Atlanta, Ga., for plaintiff.

Charley G. Morris, Morris, Webb & Stinson P.C., East Point, Ga., for defendant.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The Plaintiff in this adversary proceeding is the Debtor in a case pending under Chapter 13 of Title 11 United States Code. The Defendant is Debtor's former wife, a resident of the State of Florida. By virtue of a State of Florida decree of divorce, the Defendant herein was awarded alimony or support in the amount of $2,404.36 per month. The Plaintiff brought this adversary proceeding in this Bankruptcy Court to modify the existing alimony decree award, alleging that a change in Debtor's financial circumstances so require and that the modification is required to enable the Plaintiff/Debtor to implement a Chapter 13 rehabilitation plan based upon a determination of his liabilities for alimony and support.

The Plaintiff/Debtor does not allege he cannot obtain relief or access to the courts of the State of Florida.

In fact, this identical action of this Debtor is pending in the appropriate Florida divorce court. The Plaintiff is not, under Florida law, subject to either criminal or

civil contempt for his failure to pay the award if he can show that he was and is financially unable to make payment. In short, the Plaintiff/Debtor is not being denied access to a State court; he is not being denied his defense of lack of financial ability to make the requisite payments; nor is he being subjected to disruptive and expensive collection attempts by his former wife, the Defendant herein. In fact, apparently, one, if not the primary, motivation for bringing this matter in this court is the Plaintiff/Debtor's hope that by doing so he can obtain the benefit of a State of Georgia law which denies and terminates alimony obligations in the event it is proven that the former wife has been voluntarily co-habitating with a third party in a meretricious relationship.

Defining the rights and obligations of persons towards each other and their conduct following the dissolution of a marriage are matters of social policy for each State legislature to determine and for their appropriate courts to apply. Such matters have by long federal-state tradition been the peculiar concern of States rather than federal. The current State laws and decisions determining these obligations have for a number of years been an area of great change as attempts are made by the various State legislators and courts to adapt to changing social patterns. These changes are made to shape or maintain a desirable social policy. The courts of the States which are charged with making the determination of marital obligations and with shaping the social and marital policies of the State and which are immediately responsible to the people of their State should, except in exception circumstances be allowed to determine and adjudicate these matters without interference by federal courts. The Florida court of marital disputes jurisdiction is equipped by tradition and can and should adjudicate the issues alleged to the federal Bankruptcy Court. This proceeding does not fall within that excepted category. While this Bankruptcy Court has jurisdiction over the adjustment of debts of this Chapter 13 Debtor, to adjudicate the relative rights and debt adjustment of these parties seems to this court to be beyond the reasonable and normal expectation of the exercise of such bankruptcy jurisdiction. This case and this proceeding may illustrate the current propensity of more debtors to attempt to use the Bankruptcy Court to adjust marital disputes of separated or divorced individuals when the State courts are the more appropriate forum to settle such post-divorce decree disputes as compared to this court of insolvent debtors. These type actions smack of forum shopping. This court declines to allow the Bankruptcy Court to substitute for or override the marital court which is the court of first and more appropriate jurisdiction over these former spouses. This court declines to retain jurisdiction and interfere with the jurisdiction of the State divorce court in this dispute involving disputed financial rights of these divorced parties.

Therefore, pursuant to the provisions of 28 U.S.C. § 1471(d), the court hereby abstains from hearing this proceeding, and the motion of the Defendant, Constance F. Ramus, to dismiss this proceeding is hereby GRANTED.

IT IS SO ORDERED.